UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| JERMAINE HUNTER, TDOC #163401 | ) | |
| | ) | |
| v. | ) | NO. 2:11-CV-06 |
| | ) | *Greer/Inman* |
| REUBEN HODGE, Asst. Comm'r; | ) | |
| DAVID SEXTON, Warden; T. WIGGINS, | ) | |
| CAPT.; and RONDELL CLARK, Sgt., | ) | |
| | ) | |
| | ) | |
| All in their individual and | ) | |
| official capacities. | ) | |

## MEMORANDUM and ORDER

Jermaine Hunter, a prisoner in the Northeast Correctional Complex (hereinafter NECX) in Mountain City, Tennessee, brings this *pro se* civil rights complaint for damages, as well as declaratory and injunctive relief under 42 U.S.C. § 1983. Plaintiff asserts violations of his Eighth Amendment right prohibiting the use of excessive force against inmates. He also alleges a state law claim for assault and battery. Defendants are correctional officials and officers at the NECX.

### I. **The Filing Fee**

Because plaintiff is a prisoner, he is **ASSESSED** the filing fee of three hundred and fifty dollars ($350), which assessment will be paid on an installment basis due to

his financial condition. Therefore, the custodian of plaintiff's inmate trust account at the facility where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial partial payment, twenty percent (20%) of the greater of either the average monthly deposits to his inmate trust account or the average monthly balance in his account, for the six (6) months immediately preceding the filing of the complaint. 28 U.S.C.§ 1915(b)(1).

After full payment of the initial partial filing fee, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income credited to the account, but only when the amount in the account exceeds ten dollars ($10), until the full $350 fee has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to mail a copy of this Order to the custodian of inmate trust accounts at the NECX and to Derrick D. Schofield, Commissioner of the Tennessee Department of Correction (hereinafter TDOC), to ensure compliance with the above fee-assessment procedures. All payments should be sent to the Clerk's Office, USDC; 220 W. Depot Street, Suite 200; Greeneville, TN 37743.

## II. Plaintiff's Allegations

Plaintiff asserts that, on August 22, 2010, Sgt. Rondall Clark stopped him as he was leaving the staff side of the dining hall enroute to the inmate side, where he worked. Defendant Clark did not listen to plaintiff's explanation as to why he was in

2

the staff area, but instead, grabbed plaintiff very aggressively by the arm, placed handcuffs on him, jerked him by his wrist, and pulled him down to the operations area, causing bruises to plaintiff's wrist. Defendant Clark then violently choked plaintiff, shoved him down on a bench, all the while applying pressure to plaintiff's neck, and told him to return to the kitchen. A few minutes later this defendant entered the kitchen and directed plaintiff to come with him. Plaintiff complied. Plaintiff followed defendant Clark outside, where defendant ordered plaintiff to pick up rocks and referred to him with a racial epithet. Plaintiff filed a grievance concerning the matter, but defendant Warden David Sexton failed to take corrective actions. The above described conduct, according to plaintiff, trammels on his right not to be subjected to excessive force, as secured to him by the Eighth Amendment of the U.S. Constitution.

### III. Screening Procedure

The Court must now review the complaint to determine whether it fails to state a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A. If the complaint lies within any of the listed categories, this suit must be dismissed.

3

## IV. Discussion

### A. Official-Capacity Claims

Plaintiff seeks damages from the defendants in both their individual and official capacities. These defendants are officials, employees, and officers of the Tennessee Department of Correction, an agency of the State of Tennessee. This is significant because the Eleventh Amendment bars an action for damages in a federal court against a State, a state agency, or any of its employees in their official capacities, unless Congress has abrogated its sovereign immunity or the State has expressly waived it. *See Berndt v. State of Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986).

Congress has not abrogated Eleventh Amendment immunity, *Quern v. Jordan*, 440 U.S. 332 (1979), and Tennessee has not waived it. *See Gross v. University of Tennessee*, 620 F.2d 109, 110 (6th Cir. 1980). Accordingly, the defendants, in their official capacities, are entitled to immunity from damages.

### B. Supervisory Liability

At the outset, plaintiff's claims against three of the defendants are based on their failure to perform legal duties imposed upon them. For example, plaintiff alleges that Reuben Hodge, TDOC's Assistant Commissioner for Operations, is legally responsible for operations management of TDOC facilities; that defendant

4

Warden David Sexton is legally responsible for the management and control of the prison and its employees; and that defendant Todd Wiggins, was the officer in charge of security over the 2nd shift and ultimately responsible for the direct supervision of all 2nd shift employees. Plaintiff further alleges, by inference, that defendants' failure to supervise properly led to his constitutional injury.

However, § 1983 liability must be based on more than respondeat superior, or a defendant's right to control employees. *Taylor v. Michigan Dep't of Corrections,* 69 F.3d 76, 80-81 (6th Cir. 1995); *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir. 1982). Even though respondeat superior does not provide a valid basis of liability, plaintiff can prevail so long as he can demonstrate that a defendant implicitly authorized, approved, or knowingly acquiesced in the alleged wrongdoing of his subordinates. *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1244 (6th Cir. 1989).

Plaintiff's argument, broadly construed, is that the defendants played an active role in defendant Clark's claimed wrongdoing by failing to correct the misconduct, though they were aware, apparently through his grievance, that the incident had occurred. This argument is rejected because it is not based on defendants' active participation, but instead on their failures to act. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008) (liability attaches to a supervisor who implicitly authorizes, approves or knowingly acquiesces in a subordinate's unconstitutional conduct, but not

5

for the mere denial of an administrative grievance or a failure to act); *Young v. Ward*, 1998 WL 384564, *1 (6th Cir. June 18,1998) ("Although [plaintiff] stated that defendants . . . had knowledge of his allegations against [a defendant] . . ., this is insufficient to meet the standard that they either condoned, encouraged, or knowingly acquiesced in the misconduct."). A supervisor cannot be held liable for a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002) ("Supervisory liability under § 1983 does not attach when it is premised on a mere failure to act; it 'must be based on active unconstitutional behavior.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)).

Furthermore, the failure of a prison official to review favorably a grievance or an administrative appeal of a grievance provides no basis for section 1983 liability. *See Ramsey v. Martin*, 28 Fed. Appx. 500, *502, 2002 WL 169559, *1 (6th Cir. Jan. 31, 2002).

Therefore, plaintiff has failed to state a claim against defendants Hodge, Sexton, and Wiggins and they are **DISMISSED** as parties to this lawsuit.

**C. Eighth Amendment Claim**

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Jail conditions which involve the wanton and

6

Case 2:11-cv-00006   Document 8   Filed 01/26/12   Page 6 of 8   PageID #: 33

unnecessary infliction of pain violate the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981). Under the Eighth Amendment, the use of excessive force against prisoners may constitute cruel and unusual punishment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). Even so, not every use of intentional force upon a prisoner by a prison official will rise to the level of an Eighth Amendment violation. *See Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986). "[T]he good faith use of physical force in pursuit of valid penological or institutional goals will rarely, if ever, violate the Eighth Amendment." *Id.*

However, that determination cannot be made at this point in the proceedings, given the factual allegations offered in this *pro se* prisoner's pleadings and the indulgence with which they must be viewed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## V. Conclusion

Accordingly, because the case cannot be dismissed at this juncture, the Clerk is **DIRECTED** to send plaintiff a service packet for defendant Clark. (The packet contains a blank summons and USM 285 form.) Plaintiff is **ORDERED** to complete the service packet and to return it to the Clerk's office within twenty (20) days of the date on this Order. Plaintiff is forewarned that failure to return the completed service packet within the time required could jeopardize his prosecution of this action.

7

When the completed service packet is received by the Clerk, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service upon defendant. Defendant is **ORDERED** to respond to the complaint in the manner and within the time required by the Federal Rules of Civil Procedure. Plaintiff is **ORDERED** to inform the Court of any address change within ten (10) days following such change. He is cautioned that his failure to do so will result in a dismissal of this action for failure to prosecute.

Finally, plaintiff's pending motions for case status and service of summons (Docs. 5, 6), have become **MOOT**, as both have been resolved by the above actions taken by the Court.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE